CHARLES J. SCHUCK, JUDGE,
dissenting.
While I fully agree that the state road commission in maintaining the highways under its jurisdiction is only required to *136 keep the said highways in a reasonably safe condition for use in the usual manner and by the ordinary methods of travel, and while the state is not called upon to guarantee freedom from accident to persons traveling the highways, yet I feel the record in this case, when carefully reviewed, shows beyond all question that the highway here concerned and upon which this accident happened, resulting in the death of claimant’s husband, was not kept in a reasonably safe condition for ordinary travel, and that therefore an award should be made.
That the highway where the accident happened was in bad repair cannot be doubted when we take into consideration the evidence of the witnesses sponsored by the state itself, and in charge.of making the necessary repairs to the road to make it reasonably safe. The fact is that this highway or road at the very place where the accident happened had been twice repaired within sixty days previous to the time of the accident, namely both in January and February of 1945, and that in both instances the repairs had been inadequately and improperly made, since, when the final repairs were made the day after the accident and as the evidence reveals, with more care and in a workmanlike manner, no defect has appeared in the road since that' time; all of which indicates to my mind that the necessary care and caution was not taken in making the repairs in January and in February, and that if the same character of repairs had been made on either one of these occasions, then the accident would not have happened and this claim would not be before this court for consideration. In this connection the witness McGhee, who was a salesman, and who traveled the road about five days a week, testified that the hole in question was six or eight inches in depth and had been in the road for a period of at least six weeks previous to the time of the accident. He also testified that it was difficult to see the hole when coming over the ridge, or riding toward Charleston; such being the direction that the motorists in question were traveling at the time of the accident. The witness Sponagle, who lives nearby, says that the hole was patched several times before the date of the accident but that the patching did not hold and that the hole was in the road some three or four weeks previous to the time of the acci *137 dent; that the hole was about four feet square and that the repairs that were made on the day after the accident were of such a type as to keep the road in good repair since that time. He also testified that previous to the time of the repairs on March 19, it was a dangerous hole, evidently, as shown by his testimony, one that would be highly dangerous to the traveling public. So far as the evidence reveals neither one of these witnesses, McGhee or Sponagle, have any interest in the outcome of this matter; did not know the parties, and, consequently, so far as we know, were no doubt testifying truthfully and without any feeling or bias in the matter.
Under all of these circumstances, there being nothing in the record that would sustain the imputation of contributory negligence, I cannot see but that the state was negligent in not keeping the road in proper repair, and therefore should be called upon, to some degree at least, to compensate claimant.
The only testimony that we had before us as to the speed at which the cavalcade was traveling was that they were moving at a rate of approximately twenty-five miles per hour. No witness testified to the contrary. In view of this fact, and the fact that it was difficult to see the holes in question until, as the witness above stated, you were “right on it,” and in view of the further fact that no warning signs of any kind had been displayed, a fact which is not disputed but corroborated by the state’s witnesses, no contributory negligence of any kind, in my judgment, can be attributed either to the deceased or any member of his party. If this deduction be correct then we have only the negligence of the state to deal with, and with disinterested witnesses giving us the full facts, we find that there was a hole six to eight inches deep and about four feet square; that it was difficult to see the hole when coming over the so-called ridge or elevation, traveling in the direction of Charleston; that the previous repairs had been undoubtedly inadequate, and improperly made; that the deceased was a very careful driver, and that not only he, but another member, at least, of his party was thrown at the same place by reason of the first hole, or the one nearer the crown of the road; that the dangerous condition *138 of the road was allowed to exist for at least three or four weeks before the accident; all of which facts, uncontradicted and taken together make a case of negligence that is not disputed in any way by the testimony in the case.
I am therefore of the opinion that an award should have been made.